IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLENN A. BARRON,  
A.K.A. GLENN A. BARROW (sic),  
    Plaintiff,

:  
:  
:  
:  
:

v.

:   CIVIL ACTION NO.:  
:

CITY OF PHILADELPHIA,  
Aisha Perry, individually and in official capacity,  
Tarik Stroman, individually and in official capacity, and  
Cheryl Blake, individually and in official capacity,  
    Defendants

:   No. 10-CV-7401  
:  
:  
:  
:  
:

**AMENDED COMPLAINT**

This is | an amended | Complaint | _____ civil action sounding in tort and a 42 **U.S.CA.§ 1983,** constitutional violation.

constitutional violation with affidavit and **JURY DEMAND.**

1. Plaintiff, Glenn A. Barrow, is now, and prior to my false arrest/false imprisonment, a resident of Philadelphia County, PA and following said arrest, was an inmate at SCI-Graterford and SCI-Rockview, Centre County, PA, at all times mentioned in this Complaint.

2. Plaintiff is currently residing at the Ridge Avenue Men's Shelter, 1360 Ridge Avenue, Philadelphia, PA 19123 (215) 207-8766.

3. My home at 2417 Natrona Street, Philadelphia, PA 19132, is uninhabitable because of vandalism that occurred during the period that I was falsely arrested and falsely imprisoned.

4. Defendants, Aisha Perry, badge #79, Tarik Stroman, badge #4740, and Cheryl Blake, badge #4581 are now, and at all times mentioned in this complaint were members of the Philadelphia Police Department (hereafter PPD defendants).

1

5. The PPD defendants are being sued in their personal and official capacities.

6. On 07/30/08, PPD defendants, acting in their official capacity arrested plaintiff for DUI. A copy of the **Complaint/Incident report** is attached as Exhibit (P-1).

7. On the same date, plaintiff was sitting in my vehicle in the parking lot of a mini market at Queens Lane and Greene Street when defendants Perry and Stroman falsely alleged that the plaintiff called them over to my vehicle to "...ask a question & (sic) a strong odor of alcohol was detected...", thereby fabricating probable cause to accost and arrest me. See Exhibit (P-1).

8. Defendants Perry and Stroman asked plaintiff and my passenger, Mr. Junie Williams if we had drugs or drug paraphernalia?

9. Defendants Perry and Stroman searched my vehicle for almost two hours and found no contraband.

10. Defendants Perry and Stroman knew that the plaintiff did not call them to my vehicle, and knowingly, intentionally and deliberately concocted the story to fabricate probable cause.

11. Defendant Blake was then called to the scene and signed-off on the arrest, joined, and sanctioned the conspiracy.

12. Legal proceedings were falsely initiated due to defendants Perry and Stroman, knowingly and intentionally fabricating probable cause.

13. Legal proceedings were falsely initiated due to defendant Blake entering into the conspiracy with officers Perry and Stroman.

14. The Philadelphia Police Department, and the 39th District has a custom, culture, and a long and sordid history of conspiracy, fabricating probable cause to attempt to give an illegal arrest a patina of legality. See e.g., the "Tainted Justice" series by Putlizer Prize winning

2

Philadelphia Daily News reporters Wendy Ruderman, Barbara Laker and Bob Warner on the

internet at: http://www.philly.com/dailynews/hot_topics/Tainted_Justice.html. Also see

attached hereto as Exhibit (P-2) the article "The Informer, the Cop & The Conspiracy",

Philly.com, Monday February 9, 2009, Exhibit (P-3) from the Tainted Justice Series.

15. From 07/30/08, until 09/09/10, because of the fabricated DUI charge,

plaintiff was held at SCI-Graterford and SCI-Rockview for parole violation pending disposition

of the DUI charge.

16. Subsequently, following several prosecution requested postponements,

the DUI charge was dismissed. A copy of counsel's letter dated 07/11/09 informing me of the

dismissal is attached as (P-4).

17. Shortly after the DUI charge was dismissed, plaintiff was released from custody. See

Exhibit (P-5) (Parole instructions).

18. As a result of the false arrest/false imprisonment plaintiff was unlawfully imprisoned for

407 days: from July 30, 2008 until September 9, 2010.

19. During plaintiff's unlawful imprisonment, my home was vandalized, among other things

the copper water pipes were stolen, rendering my home unlivable, and plaintiff homeless.

20. The Pennsylvania Department of Probation and Parole has mandated that plaintiff live

in the Ridge Ave Shelter because of the condition of my home.

21. The false arrest/false imprisonment was a proximate and or direct cause of plaintiff's

deteriorating mental health. Exhibit (P-6) (John F. Kennedy Community Health/Mental

Retardation Center)

22. As a result of the false imprisonment, plaintiff's utilities were shut off. Exhibit (P-7).

23. As a result of the false imprisonment, plaintiff's defaulted on a $1,900 loan from the

Philadelphia Federal Credit Union, damaging my credit record. Exhibit (P-8).

24. As a result of the false imprisonment, plaintiff was fired from my prison job as an academic parateacher due to depression, anxiety and the need to visit the law library.

25. As a result of the false imprisonment, mental stress caused me to smoke much more, complicating my emphysema. Exhibit (P-9)(Einstein Healthcare Network).

26. As a result of the false imprisonment, mental stress exacerbated my psychosis such that I refused to sign release papers to be freed from the false imprisonment. Exhibit (P-5)

27. The false arrest/false imprisonment was a proximate and or direct cause of all the injuries asserted in ¶¶2,18-25.

## COUNT ONE

### False Arrest/False Imprisonment

28. The elements of False Arrest/False Imprisonment are: (1) the detention of another person; (2) without consent; (3) that is unlawful. See e.g., *Renk v City of Pittsburg*, 537 Pa. 68, 76. 641 A.2d 289, 293 (1994). To prevail under a False Arrest/False Imprisonment claim a plaintiff must prove: (1) willful detention; (2) without consent; and (3) without authority of law. *Renk, supra*; *Glass v City of Philadelphia*, 455 F.Supp2d 302, 365 (E.D. Pa. 2006).

29. The allegations in ¶¶1-16, and Exhibits P1-5, inclusive, is conclusive evidence that a false arrest/false imprisonment was committed by all defendants. Therefore, the offending officers and the City of Philadelphia should be held liable. *Renk, supra* at 293-94.

30. As a result of the false arrest/false imprisonment plaintiff suffered the severe injuries alleged in ¶¶2,3,18-.22-25 inclusive.

## COUNT TWO

4

## Conspiracy

31. The elements of civil conspiracy are: (1) two or more persons acting with common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; (3) actual legal damage occurs (proof of intent and malice required). See e.g., *Henry Miller Corp v Mancuso Chemicals Ltd.*, 469 F.Supp2d 302 (E.D.Pa 2006); *Skipworth by Williams v Lead Industries Ass'n Inc.*, 690 A.2d 169, 547 Pa. 224 (1997).

32. To prevail under a civil conspiracy claim there must be an underlying tort as predicate to liability. See e.g., *Glass v City of Philadelphia*, 455 F.Supp2d 302, 365 (E.D. Pa. 2006). False arrest/false imprisonment, malicious prosecution, and intentional infliction of emotional distress are underlying predicates. And the plaintiff must prove two or more persons (the defendants), acting with common purpose to do an unlawful act by unlawful means (fabricate probable cause and make an unwarranted arrest and seizure) *Glass, supra at 357-59.* **

33. The allegations in ¶¶1-16, and Exhibits **P1-4,** is conclusive evidence that the defendants unlawfully conspired to seize, and falsely arrest/falsely imprison the plaintiff. Therefore, the offending officers and the City of Philadelphia should be held liable. **Id.**
As a result of the conspiracy, plaintiff suffered the injuries alleged in ¶¶2,3,18-,22-25 inclusive.

## COUNT THREE

## Malicious Prosecution

34. The elements of Malicious Prosecution are: (1) institution of proceedings against the plaintiff without probable cause and with malice, and (2) the proceedings were terminated in favor of the plaintiff. *Carson v City of Philadelphia*, 574 A.2d 1184, 1188 (Pa.Cmlth. 1990),

citing *Bruch v Clark*, 352 Pa. Super. 225, 507 A.2d 859 (1986); *Turano v Hunt*, 631 A2d 822, 824 (Pa. Cmwlth. 1993).

35. To prevail under a Malicious Prosecution claim the plaintiff must prove (1) the Instituting of proceedings against the plaintiff without probable cause and with malice, for reason(s) unrelated to bringing plaintiff to justice, *Bruch, supra*, and (2) the proceedings were terminated in favor of the plaintiff. *Id; Turano, supra* at 824.

36. The allegations in ¶¶6-17, inclusive and Exhibit **(P-1-3)** is overwhelming evidence that legal proceedings were initiated without probable cause, with malice; and were terminated in plaintiff's favor Exhibit **(P-4)**. Also see *Donahue v Gavin*, 280 F.3d 371 (3d Cir. 2002); *Kelly v General Teamsters, Chauffeurs & Helpers, Local Union*, 544 A.2d 940, 518 Pa. 517 (1988); *Brockington v City of Philadelphia*, 354 F.Supp2d 563, 568-69 (E.D.Pa. 2005). Therefore, the offending officers and the City of Philadelphia should be held liable.

37. As a result of the malicious prosecution, plaintiff suffered the injuries alleged in ¶¶2,3,18-,22-25 inclusive.

## COUNT FOUR

**Intentional Infliction of Emotional Distress**

38. The elements of intentional infliction of emotional distress are: (1) a person who by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another. *Carson v City of Philadelphia*, 574 A.2d 1184, 1188 (Pa.Cmlth. 1990).

39. To prevail on a claim of intentional infliction of emotional distress, the plaintiff must prove that the defendant(s), by extreme and outrageous conduct, intentionally or recklessly caused the plaintiff severe emotional distress. *Motheral v Burkhart*, 400 Pa.Super. at 408, 583 A.2d at 1180 (1990). Also see *Restatement (Second) of Torts* § 46(1).

6

40. The defendants' intentional fabricating probable cause in violation of their oath to uphold the law caused plaintiff severe emotional distress and anxiety, 407 days of false imprisonment, and the loss of over six-years of street time (all time spent at liberty by a parolee is forfeited if recommitted for a direct violation of parole; the forfeited time is added to the maximum sentence) if the false charge of DUI was sustained. The defendants conduct was extremely outrageous, intentional and was the proximate cause of plaintiff's injuries.

41. All officers were aware of my parole status when plaintiff's driver's license was checked in the database.

42. All officers were aware that an automatic parole violation warrant would be lodged.

43. All officers were aware that plaintiff would be detained until the DUI was resolved.

44. A reasonable person would have known that law enforcement officers falsely arresting/falsely imprisoning a person is outrageous and extreme conduct that goes beyond all bounds of decency. and regarded as atrocious, and utterly intolerable in a civilized society.

45. A reasonable person would have known that the actions asserted in ¶¶7-17 would cause emotional distress. *Carson v City of Philadelphia, supra*

46. The allegations in ¶¶5-11, 39-44, inclusive and Exhibit P1-3, demonstrates extreme and outrageous conduct, intentionally or recklessly caused the plaintiff to be falsely arrested/falsely accused and caused severe emotional distress alleged in ¶¶ 24-26, Exhibit (P-5). Therefore, the offending officers and the City of Philadelphia should be held liable.

47. As a result of the false arrest/false imprisonment, unconstitutional seizure and conspiracy, severe emotional distress and injuries alleged in ¶¶ 24-26 inclusive was suffered.

## COUNT FIVE

Illegal Search and
### Seizure Without Probable Cause

48. Pursuant to *42 U.S.C. § 1983*, plaintiff alleges that officers Perry, Stroman and Blake deprived plaintiff of the right to be free from seizure without probable cause under the Fourth Amendment of the United States Constitution.

49. Plaintiff seeks monetary relief for the alleged intentional torts, and constitutional violation. The Fourth Amendment, U.S. CONST.,Amend. Provides in pertinent part:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause...

50. The allegations cited in ¶¶*5-11* inclusive is overwhelming evidence that plaintiff was seized and arrested without probable cause. *Brockington, supra* 354 F.Supp.2d 563, 569, n.4).

51. By reason of the facts and circumstances set forth above, plaintiff has suffered severe injuries, (1) including homelessness; (2) the loss of all personal clothing; (3) caused me to default on a loan from the Philadelphia Federal Credit Union; (4) the worsening of emphysema due to disruption and diminution of the quality of medical care, and (5) the worsening of my psychological condition.

52. The allegations in ¶¶5-11, 39-44, inclusive and Exhibit **P1-4**, conclusively proves that plaintiff was seized without probable cause in violation of the Fourth Amendment. Id; Fourth Amendment's right of privacy has been declared enforceable against the States through the Due Process Clause of the Fourteenth Amendment. See *Mapp v. Ohio*, 367 U.S. 643, 656 (1961); *Albright v Oliver*, 510 U.S. 266 (1964); *Gallo v City of Philadelphia*, 161 F.3d 217, 221 (3d Cir. 1998). Therefore, the offending officers and the City of Philadelphia should be held liable.

53. As a result of the unconstitutional seizure, 2,3,18-,22-25 inclusive.

## CONCLUSION AND DAMAGES

WHEREFORE, plaintiff requests:

1. Judgment against defendants for compensatory damages to be specified at a future date as follows:

      a. Unspecified amount for the 407 days of false imprisonment;

      b. Unspecified amount for the damage to my home during my false imprisonment.

      c. Unspecified amount for pain and suffering

      d. Unspecified amount mental anguish

2. Punitive damages of $2,000,000 to deter future outrageous conduct, with such interest on such amounts as allowed by law from the date of judgment until paid;

3. Costs of suit; and

4. Such other and further relief as the court deems just and proper.

WHEREFORE, plaintiff prays that the relief sought is granted under the law, the facts of the case, and in the interest of justice.

Dated | July 29, 2011

Respectfully submitted,

Ryan M. Paddick, Esq.
8 Lancaster Ave., Suite 220
Malvern, PA 19355
(610) 993-2111